IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-614-RJC-DSC

| | |
|---|---|
| CLAUDE ANDREW HARWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CFT AUTO INVESTORS, LLC, et. al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #8) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff asserts claims for violation of his rights under the Family and Medical Leave Act of 1993 ("FMLA") as amended, 29 U.S.C. § 2601 <u>et seq.</u>. as well as state law claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). Plaintiff was employed by Defendant Hendrick Toyota as Finance Director. He reported to Defendant Doug Thompson, the General Manager. As Finance Director, Plaintiff oversaw the department's daily operations including training of staff, employee schedules, legal and ethical

compliance, customer negotiations, and developing relationships with banks. He participated in daily management and sales meetings.

In July 2014, Defendant Thompson told Plaintiff that an audit of the dealership was underway. After the audit began, he acted belligerently toward Plaintiff. Thompson demanded that Plaintiff provide an internal audit team with information while intentionally misleading him as to the progress of the audit. He stated that Plaintiff's employees were being punished for violations. The completed audit ultimately revealed no evidence of wrongdoing.

Plaintiff alleges that Thompson knew that these threats and intimidation would cause him tremendous mental anguish. As a result, Plaintiff's mental state deteriorated.

On August 13, 2014, Plaintiff was diagnosed with anxiety and major depressive disorder after becoming suicidal at work. He took FMLA leave as a result of these disorders. While on FMLA leave, Plaintiff's doctor diagnosed him with reactive depression and anxiety and advised him to avoid stressful situations. During Plaintiff's leave, Defendants were kept appraised of his condition on a weekly basis.

On September 1, 2014, Plaintiff attempted to return to work. Taking the allegations of the Complaint as true and construing them in Plaintiff's favor at this point in the proceedings, Defendants did not return Plaintiff to his former position but demoted him to Finance Manager. This position required Plaintiff to work different hours and move to a new office. His supervisory responsibilities decreased and he had more contact with customers. After only five hours in this new position, Plaintiff went home suffering from severe depression. He was unable to return to work.

On November 16, 2015, Plaintiff filed this action in Mecklenburg County Superior Court. The Complaint alleges claims for compensatory and punitive damages and declaratory relief for violations of the FMLA, as well as state law claims for IIED and NIED.

On December 17, 2015, Defendants removed the state court action to the United States District Court for the Western District of North Carolina alleging federal question jurisdiction. Removal has not been challenged and appears proper.

Defendants moved to dismiss each of Plaintiff's claims. In his response brief, Plaintiff clarifies that "the granting of leave is not at issue. What is alleged is that Defendants violated the FMLA by depriving Plaintiff of the full benefits of his leave and the linchpin of his rights – reinstatement to his previous position." Document #10 at 5.

Defendants' Motion to Dismiss has been briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**B. FMLA Claims**

**1. Failure to Reinstate**

The FMLA provides two types of rights and protections: (1) entitlement to a total of twelve workweeks of leave during any twelve month period for family and health related matters and (2) a right "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 546 (4th Cir. 2006) (quoting 29 U.S.C. § 2614(a)(1)(A)-(B)).

> On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence.

29 CFR 825.214 (2015). An equivalent position is:

> ...one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority.

29 CFR 825.215 (2015)

"The right to reinstatement guaranteed by 29 U.S.C. § 2614(a)(1) is the linchpin of the entitlement theory because 'the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation [that] an employee will return to work after the leave ends.'" Edgar v. JAC Prods., 443 F.3d 501, 507 (6th Cir. 2006) (quoting Throneberry v. McGehee Desha County Hosp., 403 F.3d 972, 978 (8th Cir. 2005)).

Applying those legal principles to the factual allegations here, Plaintiff has sufficiently alleged that the Finance Manager position was not equivalent to his position as Finance Director. His supervisory responsibilities were curtailed and he dealt more directly with customers. He was assigned to a different office and his work hours changed. Accordingly, the undersigned

respectfully recommends that Defendants' Motion to Dismiss be <u>denied</u> as to Plaintiff's claim for compensatory damages and declaratory relief for failure to reinstate in violation of the FMLA.

**2. Failure to Grant Leave and Punitive Damages**

As the Plaintiff now concedes, failure to grant FMLA leave is not at issue here. Moreover, "a plaintiff cannot recover punitive damages or non-economic compensatory damages such as emotional distress, pain and suffering, physical injury, damaged reputation, or humiliation for a FMLA violation." <u>Baucom v. Cabarrus Eye Ctr., P.A.</u>, 2007 WL 1074663, at *3 (M.D.N.C. Apr. 4, 2007). <u>See also</u> <u>Keene v. Rinaldi</u>, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000). For these reasons, the undersigned respectfully recommends that Plaintiff's claim for failure to grant FMLA leave ("Complaint" (document #1-2) at 8) and punitive damages claim (<u>Id.</u> at 11) be <u>dismissed</u>.

**C. <u>State Law Claims</u>**

**1. Intentional Infliction of Emotional Distress**

The elements of an IIED claim are "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." <u>Waddle v. Sparks</u>, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992)

The standard for what constitutes extreme and outrageous behavior in North Carolina is "a stringent one." <u>Id.</u> The plaintiff must show that defendant's actions were so extreme and outrageous that they exceeded all bounds usually tolerated by decent society. <u>Dickens v. Puryear</u>, 302 N.C. 437, 447, 276 S.E.2d 325, 331 (1981).

In the employment context, extreme and outrageous conduct is an "extremely rigorous standard." <u>Moody-Williams v. LipoScience</u>, 953 F. Supp. 2d 677, 682 (E.D.N.C. 2013) (quoting <u>Thomas v. Northern Telecom</u>, 157 F. Supp. 2d 627, 635 (W.D.N.C. 2000)). And in the employment context, the standard for determining extreme and outrageous conduct is the same for

both IIED and NIED claims. Lorbacher v. Housing Authority of the City of Raleigh, 127 N.C. App. 663.667, 493 S.E.2d 74, 82 (1997) ("[w]e find no principled distinction, however, for employing a higher or lower threshold for [IIED] over [NIED].... our conclusion that defendant's conduct was not extreme and outrageous with respect to plaintiff's intentional infliction of emotional distress claim also precludes any claim for negligent infliction of emotional distress.") See also Graham v. Hardees Food System, 121 N.C. App. 382, 465 S.E.2d 558 (1996) (grant of summary judgment upheld applying extreme and outrageous conduct test to negligent infliction claim in employment case).

Applying these legal principles to the factual allegations here, Plaintiff's IIED and NIED claims fail. Defendant Thompson's alleged threats and intimidation do not rise to the level of conduct "so extreme and outrageous that they exceeded all bounds usually tolerated by decent society." Dickens, 302 N.C. at 447, 276 S.E.2d at 331. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss also be granted as to Plaintiff's IIED and NIED claims.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendants' Motion to Dismiss" (document #8) be **GRANTED IN PART** and **DENIED IN PART**, that is, **DENIED** as to Plaintiff's claim for compensatory damages and declaratory relief for failure to reinstate in violation of the FMLA, and **GRANTED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file

objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: May 18, 2016

_____
David S. Cayer
United States Magistrate Judge